## McDONALD *v*. MASSACHUSETTS.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

Submitted January 25, 1901.—Decided February 25, 1901.

The statute of Massachusetts of 1887, c. 435, by which "whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other State, or once in this and once at least in any other State, for terms of not less than three years each, shall, upon conviction of a felony committed in this State after the passage of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the State prison for twenty-five years," is constitutional.

THE case is stated in the opinion.

*Mr. Francis P. Murphy* for plaintiff in error.

*Mr. Hosea M. Knowlton* and *Mr. Arthur W. DeGoosh* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

The plaintiff in error was indicted at August term, 1898, of the Superior Court in the county of Suffolk and State of Massachusetts, on the statute of Massachusetts, of 1887, chapter 435, section 1, by which " whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other State, or once in this and once at least in any other State, for terms of not less than three years each, shall, upon conviction of a felony committed in this State after the passage of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the State prison for twenty-five years: provided, however, that if the person so convicted shall show to the satisfaction of the court before which such conviction was had that he was released from imprisonment upon either of said sentences, upon a pardon granted on the ground that he was innocent, such conviction and sentence shall not be considered as such under this act."

Section 2 provides that when it appears to the Governor and Council that the convict has reformed, they may release him conditionally from the rest of his sentence.

The indictment contained four counts, two charging the defendant with forging an order for money, and two with uttering as true a forged order for money; and further alleged that in April, 1890, he had been convicted in Massachusetts of perjury, and therefor sentenced and committed to the State prison for three years; and also in January, 1894, had been convicted in New Hampshire of obtaining property by false pretences, and therefor sentenced and committed to the State prison for four years.

The defendant pleaded not guilty, and was tried by a jury, who returned a verdict that he was guilty of the whole indictment; and the court thereupon adjudged him to be an habitual criminal, and sentenced him to be punished by imprisonment in the State prison for the term of twenty-five years.

The defendant sued out a writ of error from the Supreme Judicial Court of Massachusetts, which affirmed the judgment. 173 Mass. 322. He then sued out this writ of error from this court to the Superior Court, in which the record remains.

The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished in Massachusetts and in New Hampshire.

But it does no such thing. The statute under which it was rendered is aimed at habitual criminals; and simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years, in this, or in another State, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal. Statutes imposing aggravated penalties on one who commits a crime after having already been twice subjected to discipline by imprisonment have long been in force in Massachusetts; and effect was given to previous imprisonment, either in Massachusetts or elsewhere in the United States, by the statute of 1827, c. 118, § 19, and by the Revised Statutes of 1836,

c. 133, § 13. It is within the discretion of the legislature of the State to treat former imprisonment in another State, as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not *ex post facto.* It affects alike all persons similarly situated, and therefore does not deprive any one of the equal protection of the laws. *Moore* v. *Missouri,* 159 U. S. 673; *Ross's Case,* 2 Pick. 165; *Commonwealth* v. *Graves,* 155 Mass. 163; *Sturtevant* v. *Commonwealth,* 158 Mass. 598; *Commonwealth* v. *Richardson,* 175 Mass. 202.

The statute does not impair the right of trial by jury, or put the accused twice in jeopardy for the same offence, or impose a cruel or unusual punishment. There is therefore no occasion to consider whether any of the provisions of the Constitution of the United States on these points can apply to the courts of the several States. *In re Kemmler,* 136 U. S. 436; *Brown* v. *New Jersey,* 175 U. S. 172; *Maxwell* v. *Dow,* 176 U. S. 581.

The suggestion of misjoinder of counts in the indictment, and the objection that instructions on the habitual criminal charge were first given by the court to the jury after they had said that the defendant was guilty of the specific offences charged, present no Federal question.

*Judgment affirmed.*