LYNDON CARR
PLAINTIFF IN ERROR
*vs.*
STATE OF MAINE

Knox.    Opinion, September 27, 1955.

*Niehoff & Niehoff,* for plaintiff in error.

*Roger Putnam, Asst. Atty. Gen.,* for defendant in error.

SITTING: FELLOWS, C. J., WEBBER, BELIVEAU, JJ., THAXTER, A.R.J.  WILLIAMSON, J. and TAPLEY, J., did not sit.

BELIVEAU, J.    On exception to a ruling of the court below dismissing a writ of error brought by this plaintiff.

At the September Term 1945 of the Superior Court, for the County of Somerset, an indictment was returned against the plaintiff here which consisted of two counts.

The first count alleged the taking of indecent liberties by the plaintiff, on the 20th of June 1945, with a female person, under 16 years of age, to wit, of the age of 7 years.

The second count alleged the conviction of this plaintiff at the November Term 1936 of the Superior Court, for the County of Knox, for the crime of indecent liberties on which he was sentenced to serve from two to four years imprisonment in the Maine State Prison at Thomaston in the County of Knox.

To this indictment the plaintiff pleaded guilty and was sentenced to serve a definite term of 20 years.

The plaintiff, in his writ of error and in his brief, claims that the sentence was not proper or legal and comes within the provisions of what is now Section 11 of Chapter 149 of the Revised Statutes which provides that a court imposing sentence shall fix minimum and maximum terms.

The next section, Section 12 of Chapter 149, excludes from Section 11, Sections 10, 11 and 12 of Chapter 130 of Section 6 of Chapter 134. The plaintiff here was indicted under said Section 6 of Chapter 134.

Section 3 of Chapter 149 authorizes imprisonment for any term of years where it is alleged "in the indictment and proved or admitted on trial, that he had been before convicted and sentenced to any state prison by any court of this state, or of any other state, or of the United States, whether pardoned therefor or not, *******"

The plaintiff advances the dubious argument that the allegation in the second count, to wit, a prior conviction, brings the case within Section 12 of Chapter 149 of the Revised Statutes, that "in all other cases" the court imposing sentence shall fix both minimum and maximum sentences.

The allegation in the second count has nothing to do with the commission of the crime alleged in the first count. It

does not, in the least, help or assist the State in proving the commission of that crime and cannot be so considered by the jury. It is not "another case" and while the State must prove the second count it may, or may not be considered by the court, in its discretion, when imposing sentence. This statute is not unlike the so-called "habitual criminal" statute which has been upheld repeatedly by the courts throughout the land.

In passing upon the "habitual criminal" statute as enacted in Massachusetts in 1887, the United States Supreme Court said in *McDonald* v. *Massachusetts*, 180 U. S. 311 at 312, 21 Sup. Ct. Reporter 389 at 390:

> "The punishment is for the new crime only, but is the heavier if he is an habitual criminal."

And again:

> "The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

*Exception overruled.*