WEY HIM FONG, alias Wayne Fong, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16940.

United States Court of Appeals Ninth Circuit.

Jan. 25, 1961.

Wayne Fong, pro se, Lurline S. Bickel, Palo Alto, Cal., for appellant.

C. E. Luckey, U. S. Atty., David Robinson, Jr., Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLIN and MERRILL, Circuit Judges, and JAMESON, District Judge.

MERRILL, Circuit Judge.

Wey Him Fong appeals from order of the District Court entered without hearing denying his motion for relief under 28 U.S.C. § 2255.

On April 29, 1958, appellant was indicted on twelve counts of narcotics crimes in violation of 26 U.S.C. §§ 4704 (a) and 4705(a). He had formerly on January 28, 1949, been convicted of three narcotics violations. On May 12, 1959, he pleaded guilty to Count No. 1, charging him with sale of narcotics, and acknowledged his prior conviction. The remaining counts were dismissed. On May 20, 1959, he was sentenced as a second offender under the enhanced penalty provisions of 26 U.S.C. § 7237 to serve a term of twenty years imprisonment and to pay a fine of $1,000.

On March 1, 1960, appellant moved under § 2255 for leave to withdraw his plea of guilty and for an order vacating his judgment and sentence. He asserted his innocence and that his plea had been induced by misrepresentations as to the consequences of his failure to plead guilty. He contended that the enhanced penalty statute, in its application to his case, constitutes an ex post facto law contrary to Article I, Section 9, Clause 3, of the Constitution of the United States. The District Court concluded that the files and records conclusively showed that appellant was entitled to no relief under § 2255 and denied the motion without hearing. This appeal was then taken and appellant was assigned counsel by order of this court.

The sole issue presented by this appeal is whether § 7237 constitutes an ex post facto law in its application to this appellant.

Appellant's prior conviction occurred before passage of § 7237. Appellant contends that it may not therefore be considered; that to do so is to aggravate his prior offense and make it a greater offense than it was when committed; that this renders § 7237 an ex post facto law under language contained in Calder v. Bull, 1798, 3 Dall. 386, 1 L.Ed. 648.

The constitutionality of second offender statutes has frequently been upheld under similar circumstances. In McDonald v. Commonwealth of Massachusetts, 1901, 180 U.S. 311, 312, 21 S.Ct. 389, 390, 45 L.Ed. 542, it was stated:

"The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished * * *.

" * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal."

Further the court stated at page 313 of 180 U.S., at page 390 of 21 S.Ct.:

"The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not ex post facto."

In Pettway v. United States, 6 Cir., 1954, 216 F.2d 106, certiorari denied, 355 U.S. 918, 78 S.Ct. 348, 2 L.Ed.2d 277, it was expressly held that a second offender statute did not under these circumstances constitute an ex post facto law. This case was cited and approved by this court in Sherman v. United States, 9 Cir., 1957, 241 F.2d 329, certiorari denied, 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed. 2d 1429. To the same effect is Beland v. United States, 5 Cir., 1942, 128 F.2d 795, certiorari denied 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543.

Affirmed.