James W. PRICE, Appellant,

v.

J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary, Appellee.

No. 23456.

United States Court of Appeals Fifth Circuit.

Nov. 30, 1966.

James W. Price, pro se.

Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen., of Louisiana, for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Petitioner, James W. Price, is presently incarcerated in the Louisiana State Penitentiary, having been found guilty by a jury of armed robbery in violation of L.R.S. § 14:64[1] and having subsequently pled guilty under the Louisiana multiple offender statute, L.R.S. § 15:529.1.[2] The maximum sentence for armed robbery is thirty years, while the multiple offender statute allows imposition of sentence twice that possible on a first offense. Petitioner's sentence was set at fifty years.

This appeal is from a denial of petitioner's application for a writ of habeas corpus[3] following a full evidentiary hearing in the court below.

The principal contention raised upon appeal is that Louisiana's multiple offender statute is violative of the double jeopardy clause of the fifth amendment and that, as applied, subjects petitioner to cruel and unusual punishment prohibited by the eighth amendment. These contentions are without merit. Multiple offender statutes, also referred to as habitual criminal statutes, have on numerous occasions been held constitutional in the face of attacks based upon both the fifth and eight amendments. McDonald v. Commonwealth of Massachusetts, 1901, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Holt v. Commonwealth of Kentucky, 6th Cir. 1961, 296 F.2d 722, cert. den. 369 U.S. 807, 82 S.Ct. 649, 7 L.Ed.2d 553; Wey Him Fong v. United States, 9th Cir. 1961, 287 F.2d 525, cert. den. 366 U.S. 971, 81 S.Ct. 1937, 6 L.Ed.2d 1261; Johnson v. Kansas, 10th Cir. 1960, 284 F.2d 344; Burton v. United States, 9th Cir. 1959, 272 F.2d 473, cert. den. 362 U.S. 951, 80 S.Ct. 863, 4 L.Ed.2d 869; Beland v. United States, 5th Cir. 1942, 128 F.2d 795, cert. den. 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543; In re Tucker, W.D.Mo.1963, 214 F.Supp. 202. The error in petitioner's primary allegation was pointed out by the Supreme Court in McDonald v. Commonwealth of Massachusetts, supra:

> The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished * * *.
>
> * * * * * *

---

1. La.Rev.Stat.Ann. § 14:64 (Supp.1965).

2. La.Rev.Stat.Ann. § 15:529.1 (Supp.1965).

3. 28 U.S.C.A. § 2241 (1959).

But it does no such thing. * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal.

180 U.S. at 312, 21 S.Ct. at 390, 45 L.Ed. at 546. Viewed in the light of the above cited authorities, the Louisiana multiple offender statute clearly does not place a defendant twice in jeopardy for the same offense in violation of the fifth amendment. Neither does it subject petitioner to cruel and unusual punishment as proscribed by the eighth amendment.

The other contentions of petitioner were fully considered by the district court in its opinion reported at 249 F.Supp. 418. The evidence in the record and the applicable law fully support the district court's resolution of the issues raised, and we therefore affirm.