Nathaniel JACKSON, Petitioner-Appellant,

v.

Louis S. NELSON, Warden, Respondent-Appellee.

No. 25666.

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1971.

Nathaniel Jackson, in pro. per.

Thomas C. Lynch, Cal. Atty. Gen., Derald E. Granberg, Sanford Svetcov, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

The order of the district court denying habeas corpus relief is affirmed.

The state sentence on a heroin offense was stiffer because of prior judgments against petitioner for marihuana offenses. Prior to the heroin offense, California by statute increased its recidivist penalties in the field.

Contentions of equal protection, bill of attainder, double jeopardy and ex post facto are made. These have no merit. *See* Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683, and Wey Him Fong v. United States, 9 Cir., 287 F.2d 525.

Robert A. JONES, Petitioner-Appellant,

v.

C. J. FITZHARRIS, Superintendent, Correctional Training Facility of the California Department of Corrections, Respondent-Appellee.

No. 25690.

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1971.

Robert A. Jones, in pro. per.

Thomas C. Lynch, Cal. Atty. Gen., Edward P. O'Brien, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

The district court order denying habeas corpus relief is affirmed.

Appellant claims his guilty plea was made in the mistaken belief that he was pleading guilty to a misdemeanor, not a felony. The first trouble with this is that the record before us shows the contention simply isn't so.

Secondly, on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, points, this court ruled in Moss v. Craven, 9 Cir., 427 F.2d 139 that Boykin is not retroactive.