**UNITED STATES of America**

v.

**Fred Louis BELL.**

**No. P–73–CR–2.**

United States District Court,
E. D. Texas,
Paris Division.

Nov. 21, 1973.

Roby Hadden, U. S. Atty., Dennis Lewis, Asst. U. S. Atty., Tyler, Tex., for plaintiff.

James A. Johnston, Dallas, Tex., William H. Allison, Jr., Louisville, Ky., for defendant.

### MEMORANDUM OPINION AND ORDER

JUSTICE, District Judge.

The defendant's motion to dismiss the indictment in this criminal action raises issues, apparently of first impression, regarding the alleged ex post facto application of the recently enacted statute concerning false declarations before a grand jury or court.[1]

---

1.  (a) Whoever under oath in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

(b) This section is applicable whether the conduct occurred within or without the United States.

(c) An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if—

(1) each declaration was material to the point in question, and

(2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding

In its indictment, the United States charges that the defendant, Fred Louis Bell, in statements before a federal grand jury in 1968 and a federal district court in 1971, made "irreconcilably contradictory declarations material to the point in question" in violation of the false declarations statute. 18 U.S.C.A. § 1623(c). The government alleges that the first statement was made under oath on November 12, 1968, before a federal grand jury hearing evidence concerning a bank robbery, and that the second statement was made under oath on June 10, 1971, following the defendant's indictment, in a criminal action in federal district court.[2] Since the statute under which he is charged did not become effective until October 15, 1970—after his first statement in 1968 but before his second statement in 1971—the defendant contends that its application to him in this criminal action is ex post facto and requires dismissal of the indictment. The court agrees.

The United States Constitution declares that "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. 1 § 9, cl. 3. Judicial construction of this constitutional provision came as early as 1798. In that year, Justice Chase in Calder v. Bull, 3 U.S. (3 Dall.) 385, 390 (1798), announced for the court that

> before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.
>
> (d) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.
>
> (e) Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence.
>
> 18 U.S.C.A. § 1623 (hereinafter referred to as "the false declaration statute.")

I will state what laws I consider *ex post facto* laws, within the words and the intent of the prohibition. 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive. In my opinion, the true distinction is between *ex post facto* laws, and retrospective laws. Every *ex post facto* law must necessarily be retrospective; but every retrospective law is not an *ex post facto* law: the former only are prohibited.

*See also* Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898); In re Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835 (1890); Fletcher v. Peck, 10 U.S. (6 Cranch) 87, 138 (1809) (Marshal, C. J.) ("An *ex post facto* law is one which renders an act punishable

2. Following his indictment in 1968, Bell plead guilty to five counts of bank robbery and was sentenced to an indeterminate sentence of six years. In May 1970, Bell filed a *pro se* petition with this court, which was considered to constitute, in part, a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. Following an evidentiary hearing, this court granted the motion on the ground of ineffective assistance of counsel. Although the government did not appeal this court's decision, the reasoning underlying the decision may have been obscure. A Fifth Circuit panel, affirming in part, and vacating in part, Bell's subsequent conviction following a new trial before another court, observed in dictum that this court granted the motion to vacate sentence because of an illegal search and seizure, rather than on the basis of ineffective assistance of counsel. United States v. Bell, 457 F.2d 1231, 1234 n. 1 (5th Cir. 1972).

in a manner in which it was not punishable when it was committed.").

Enacted to supplement the general criminal statute governing perjury,[3] the false declaration statute is

> intended to facilitate Federal perjury prosecutions and establishes a new false declaration provision applicable in Federal grand jury and court proceedings. It abandons the so-called two-witness and direct evidence rule in such prosecutions and authorizes a conviction based on irreconcilably inconsistent declarations under oath. As amended, [this statute] also permits recantation to be a bar to prosecution if the declaration has not substantially affected the proceeding or it has not become manifest that the declaration's falsity has been or will be exposed.

1970 U.S.Code Cong.Admin.News, pp. 4007, 4008; see also pp. 4023–4024.

In considering the effect of this statute in light of the law governing the application of ex post facto laws, the United States concedes that the false declaration statute is penal in nature; that it increases the maximum punishment previously available under the general perjury statute from imprisonment for five years and a $5,000 fine to imprisonment for five years and $10,000 fine; and that it changes the evidentiary procedure from that required under the general perjury statute, enabling the government to rely on the less onerous proof by way of irreconcilably inconsistent declarations rather than the two-witness and direct evidence rules. The government argues, however, that since the second statement was made after the new law, and the first statement was made before the new law, the operation of the false declaration statute is not entirely retrospective and thus, as applied, is not ex post facto.

In support of its argument, the government refers the court to a number of cases. The government cites, for example, Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568 (1925), in which the defendant acquired and possessed liquor at his home before the enactment of a statute prohibiting possession of alcoholic beverages and continued to possess the beverages after enactment of the statute. The court held that application of the statute was not ex post facto. Unlike the instant case, however, in which facts relied upon to establish one of the elements of proof occurred prior to enactment of the statute, the proof necessary to establish an offense in Samuels was based entirely on facts occurring after enactment of the statute. Thus the elements of proof required to show illegal possession were shown by post-statute conduct without reference to any pre-statute conduct.

The case of Chicago & Alton Railroad Company v. Tranbarger, 238 U.S. 67, 35 S.Ct. 678, 59 L.Ed. 1204 (1915), cited by the government, supports this court's conclusion. This court made clear that the application of the statute requiring more extensive maintenance of roadbed facilities than that required prior to enactment of the statute was not ex post facto because the defendant continued to maintain the embankment in a manner prohibited by the statute after the date of its enactment. Similarly, other cases cited by the government concerning the

---

3. Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

Whoever procures another to commit any perjury is guilty of subornation of perjury, and shall be fined not more than $2,000 or imprisoned not more than five years, or both.

18 U.S.C.A. §§ 1621, 1622.

so-called continuing offenses such as United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007 (1897) (punishment for an agreement continuing after the date that it has been declared illegal is not ex post facto), and Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967) (punishment for a conspiracy continuing after the date of enactment of a statute increasing punishment for such crime is not ex post facto), support this interpretation.

Cases involving application of the habitual offender statutes or felon disability statutes are, however, more closely analogous to the instant case. Application of an habitual offender statute, which provides for enhanced punishment upon proof of prior convictions, has been held not to be ex post facto in cases in which the conviction relied upon for enhancement occurred prior to the date of the passage of the habitual offender statute. McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901). Similarly, application of the felon disability statute, imposing criminal sanctions on persons who, as convicted felons, engage in certain conduct such as purchasing or possessing firearms, enacted after the date of such felony conviction, has been held not to be ex post facto. Cases v. United States, 131 F.2d 916, 920–921 (1st Cir. 1942), cert. denied, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943). *See also* Cody v. United States, 460 F.2d 34 (8th Cir. 1972); Smith v. United States, 312 F.2d 119 (10th Cir. 1963).

Relying on these habitual offender and felon disability cases, the government argues that application of the false declaration statute is not rendered ex post facto by the mere fortuity that one of the elements of the offense—that is, the making of the first statement on November 12, 1968—occurred prior to the passage of the statute. To test this argument regarding the analogy of the habitual offender and felony disability statutes, this court is aided by the distinction announced by the Supreme Court in De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960):

> The mark of an *ex post facto* law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction . . . comes about as a relevant incident to a regulation of a present situation . . . .

Although this formulation attempts a distinction that is admittedly not precise, the intent of the Supreme Court is fairly discernable. As this court understands the distinction, application of a law constitutes a "restriction [that] comes about as a relevant incident to the regulation of a present situation," and is therefore not ex post facto, if two conditions are met. First, proof of prior conduct must be restricted to proof of some general characteristic that currently exists, such as untrustworthiness or incorrigibility. As proof tending to establish these characteristics, evidence of prior felony convictions often constitutes the required element of proof. Secondly, at least in the felon disability area, the purpose of the law must be essentially regulatory, rather than punitive. Hawker v. New York, 170 U.S. 189, 197, 18 S.Ct. 573, 42 L.Ed. 1002 (1898).

> f the statute is a bona fide regulation of conduct which the legislature has power to regulate, it is not bad as an ex post facto law even though the right to engage in the conduct is made to depend upon past behaviour, even behaviour before the passage of the regulatory act.

Cases v. United States, *supra,* 131 F.2d at 921.

In applying this test to the instant case, this court is persuaded that a conviction of this defendant under the false declaration statute would consti-

tute an ex post facto application of the law. First, the proof that would be required for conviction necessarily would relate to specific elements of his prior conduct—in particular, a statement that he allegedly made in 1968—rather than to a prior conviction or some other evidence tending to establish a currently existing general characteristic, such as untrustworthiness or incorrigibility. Secondly, as a supplement to the general perjury statute, this law is clearly punitive, rather than regulatory. As stated recently by the Second Circuit, the purpose of the perjury law is

> to keep the process of justice free from the contamination of false testimony. It is for the wrong done to the courts and the administration of justice that punishment is given, not for the effect that any particular testimony might have on the outcome of any given trial.

United States v. Manfredonia, 414 F.2d 760, 764 (2nd Cir. 1969).

Apparently anticipating this conclusion, the government seeks to avoid the ex post facto bar to prosecution by asserting that

> application of Section 1623 [the false declaration statute] would not punish Bell for any false declarations made in 1968; indeed, the evidence at Bell's trial for bank robbery showed convincingly that the declaration made in 1968 was true and not in violation of [Section] 1621 existent at that time. Bell did not violate any law until 1971 when he then made a false declaration inconsistent with earlier statements.

Brief of United States at 9.

This assertion—that the 1971 statement, rather than the 1968 statement, is the one that is false—is, of course, absent any proof, nothing more than the government's contention. Moreover, the government would seem to concede, by making this argument, that a conviction under the new law for a false statement made in 1968 would be invalid.

Thus the government takes an inconsistent position. It argues that it can prove that the 1968 statement, rather than the 1971 statement, is the false one and thereby avoid the ex post facto objection. Having done so, it seeks to rely on the new false declaration statute, the only purpose of which is to enable the government to prosecute for perjury when it *cannot* prove which of two contradictory declarations is false. If the government can prove, as it asserts that it can, that the 1971 statement is the false one, no obstacle readily appears to the government's prosecution of the defendant under the general perjury statute. For these reasons, it is

Ordered that the defendant's motion to dismiss the indictment in the above-entitled and numbered criminal action is granted.