**Dan Frederick SCHRAMM, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Appellee.**

No. 85–5001.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1985.

Decided July 15, 1985.

Dan Frederick Schramm, pro se.

James Rosenbaum, U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Dan Frederick Schramm, a federal prisoner, appeals from the District Court's [1] denial of his petition for writ of habeas corpus. For reversal Schramm argues that the District Court erred in concluding that (1) the United States Parole Commission's practice of giving equal weight to prior misdemeanor and prior felony convictions in determining a prisoner's parole eligibility is not an abuse of discretion and does not violate Congressional intent in passing the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–18; (2) the Commission's practice of giving equal weight to prior misdemeanor and prior felony convictions does not violate the *ex post facto* clause by increasing the punishment for the prior misdemeanor convictions; and (3) the Commission's practice of giving the offenses of attempted bank robbery and bank robbery the same severity rating is not an abuse of discretion. We affirm.

On September 21, 1982, Schramm was sentenced to six years imprisonment for attempted bank robbery in violation of 18 U.S.C. § 2113(a). He currently is serving this sentence at the Federal Correctional Institution in Sandstone, Minnesota. On June 14, 1983, Schramm appeared before a panel of the Commission for an initial parole determination hearing. The panel determined that Schramm would be eligible for parole only after he had served five to six years of his sentence.

In setting parole eligibility dates, the Commission considers primarily two things—the severity of the offense for which the prisoner is being incarcerated and the prisoner's background. Offenses are categorized according to severity; there are eight offense severity categories ranging from Category 1 (the category of least severity) to Category 8 (the category of highest severity). *See* 28 C.F.R. § 2.20 (1983). A "parole prognosis," *i.e.*, the likelihood that the prisoner will remain on parole without violating the terms of his parole, is made in light of the prisoner's background. In making this prognosis, the Commission considers (1) the number of prior convictions; (2) the number of prior commitments over thirty days; (3) age when the current offense was committed; (4) any recent commitment-free period; (5) probational, parole, confinement, or escape status when the current offense was committed; and (6) heroin/opiate dependence. Based on its consideration of these factors, the Commission gives the prisoner a salient factor score, which can range from zero (poor parole prognosis) to ten (very good parole prognosis). *See id.* Schramm received a Category 5 rating for his attempted bank robbery conviction and a salient factor score of three based on the Commission's evaluation of his background.

After determining the offense severity and the salient factor score, the Commission uses a chart to determine the prisoner's parole eligibility date. According to that chart, a prisoner such as Schramm, with an offense severity rating of Category 5 and a salient factor score of three, should serve between five and six years before release. *See* 28 C.F.R. § 2.20, at 87–88 (1983). The Commission may deviate from its guidelines in setting a prisoner's parole eligibility date, but only for "good cause." *See* 18 U.S.C. § 4206(c). In Schramm's case the Commission did not find good cause to advance his eligibility date.

---

**1.** The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

Schramm first challenged administratively the determination concerning his parole eligibility date. After exhausting his administrative remedies, he filed this habeas petition in the District Court. Finding no abuse of discretion on the part of the Commission in setting the date, the court denied the petition. This appeal followed.

Schramm has a criminal record in the State of Wisconsin that includes an April 1971 conviction for burglary, a February 1972 conviction on two counts of issuing worthless checks, a September 1976 conviction on two counts of issuing worthless checks, and a March 1978 conviction for issuing worthless checks and theft by fraud. Under the Commission's guidelines, a prisoner with no prior convictions receives three points; one prior conviction, two points; two or three prior convictions, one point; and four or more prior convictions, no points. *See* 28 C.F.R. § 2.20, at 98 (1983). In assigning Schramm a salient factor score, the Commission gave Schramm no points for number of prior convictions. Thus, there is no dispute that the Commission gives equal weight to prior misdemeanor and prior felony convictions in determining a prisoner's parole eligibility. Schramm contends that this practice is an abuse of discretion by the Commission and violates Congressional intent in passing the Parole Commission and Reorganization Act of 1976 (the Act). We disagree.

The Act gives the Commission broad discretion to develop guidelines for determining parole eligibility. *See* 18 U.S.C. § 4203(a)(1). That discretion is limited only to the extent that the Act sets forth certain general criteria that the Commission must consider in each case:

> If an eligible prisoner has substantially observed the rules of the institution to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

> (2) that release would not jeopardize the public welfare;
>
> ... pursuant to guidelines promulgated by the Commission ... such prisoner shall be released.

*Id.* § 4206(a).

Schramm contends that the Commission's practice of giving equal weight to prior misdemeanor and prior felony convictions conflicts with § 4206(a)(2), which requires the Commission to determine before granting a prisoner parole that the prisoner's release would not jeopardize the public welfare. Schramm reasons that a prisoner with a record of several violent felonies is a much greater danger to society than a prisoner like himself, with a record of burglary and several non-violent misdemeanors. Schramm finds support for his argument in the following language from the legislative history of § 4206:

> The use of the phrase 'release would not jeopardize the public welfare,' is intended by the Conferees to recognize the incapacitative aspect of imprisonment which has the effect of denying the opportunity for future criminality, at least for a time. It is the view of the Conferees that the Parole Commission must make judgments as to the probability that any offender would commit a new offense based upon considerations *which include comparisons of the offender with other offenders who have similar backgrounds.*

H.R.Conf.Rep. No. 838, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 335, 351, 358–59 (emphasis added). From this language Schramm concludes that Congress clearly intended the Commission to distinguish between prisoners with prior felony records and those with prior misdemeanor records.

Although Schramm's basic contention that the Commission should distinguish between prisoners with prior felony records and those with prior misdemeanor records has some appeal, there is nothing in the language of § 4206 or its legislative

history requiring the Commission to make this distinction. Rather, Congress left it to the Commission to decide what factors in a prisoner's background make it more likely that he would commit new crimes if released on parole.[2]

■ The remaining question, then, is whether the Commission's practice of giving equal weight to prior misdemeanor and prior felony convictions in evaluating a prisoner's parole prognosis is so unreasonable that it constitutes an abuse of discretion. We believe that it is not. Congress has given the Commission wide latitude, and we cannot say the Commission acts arbitrarily in taking the position that, for purposes of predicting the likelihood that a prisoner will commit crimes in the future, it will consider the number of crimes the prisoner has committed in the past, whether those crimes be misdemeanors or felonies.

Schramm next argues that by considering a prisoner's criminal record in determining parole eligibility the Commission is punishing prisoners for their past crimes, and that by giving equal weight to prior felony and prior misdemeanor convictions the Commission is increasing the punishment for prior misdemeanors in violation of the *ex post facto* clause.

■ This argument is meritless. Although the *ex post facto* clause prohibits the enactment of laws which increase the punishment for a crime after its commission, *see Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981); *Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977), the Commission is not punishing Schramm for his prior misdemeanor convictions by con-

sidering those convictions in determining his current parole eligibility. The Supreme Court on several occasions has considered and rejected similar *ex post facto* challenges to recidivist statutes.

In *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901), the petitioner argued that a Massachusetts statute which increased the punishment for a felony when the defendant previously had been convicted of other crimes violated the *ex post facto* clause by increasing the punishment for the prior crimes. The Court stated that:

> [t]he fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished....
>
> But it does no such thing.... The punishment is for the new crime only, but is the heavier if he is an habitual criminal.

*Id.* at 312, 21 S.Ct. at 390.

In *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Court resolved an *ex post facto* and double jeopardy challenge to a Pennsylvania recidivist statute: "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.* at 732, 68 S.Ct. at 1258.

The Commission's consideration of a prisoner's criminal record in setting a parole date can no more be viewed as additional punishment for prior crimes than can a judge's consideration of a defendant's crim-

---

**2.** As Congress explained in the legislative history of § 4206,

> [t]he use of predictive devices [in determining whether a prisoner would commit a new offense if released on parole] is at best an inexact science, and caution should be utilized. Such items as prior criminal records, employment history and stability of living patterns have demonstrated their usefulness in making

determinations of probability over a substantial period of time. These are not written into the statute, however, as *it is the intent of the Conferees to encourage the newly created Parole Commission to continue to refine both the criteria which are used and the means for obtaining the information used therein.*

H.R.Conf.Rep. No.838, 1976 U.S.Code Cong. & Ad.News at 359 (emphasis added).

inal record in setting a sentence. By considering Schramm's prior convictions, the Commission is not increasing the punishment for the prior convictions. Rather, it simply is examining the prisoner's history to determine when, if ever, the prisoner should be released on parole from his present sentence.

Finally, Schramm argues that the Commission's practice of giving attempted bank robbery and bank robbery the same severity classification is an abuse of discretion. He contends that a mere unconsummated conspiracy to rob a bank is much less severe than a completed bank robbery, and therefore that his offense severity rating should be lower than Category 5 (the category into which the crime of bank robbery falls).

The Commission's practice of giving an attempted crime the same severity rating as the underlying crime, *see* 28 C.F.R. § 2.20, Ch. 1 (1983), is clearly not an abuse of discretion.[3] We see no reason why an offender should be treated differently for the purpose of parole simply because law enforcement officers prevented him from consummating the crime.[4]

For the reasons set forth above, we affirm the judgment of the District Court.

---

**3.** The bank robbery statute under which Schramm was convicted, 18 U.S.C. § 2113(a), treats an attempt the same as the completed crime.

**4.** On direct appeal from Schramm's attempted bank robbery conviction, the Seventh Circuit held that there was sufficient evidence for the jury to have found that Schramm would have committed a bank robbery had F.B.I. agents not arrested him shortly before the planned robbery. *See United States v. Schramm*, 715 F.2d 1253, 1255 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1717, 80 L.Ed.2d 189 (1984).