**Rickford MUNGER, Appellant,**

v.

**Robert A. ERICKSON, Appellee.**

No. 92–2374.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1992.

Decided Nov. 18, 1992.

**1324**

Douglas Peine, St. Paul, Minn., for appellant.

James B. Early, Sp. Asst. Atty. Gen., St. Paul, Minn., and Raymond F. Schmitz, Rochester, Minn., for appellee.

Before WOLLMAN, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Rickford Munger, a Minnesota prisoner, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] For reversal, Munger argues that the Minnesota courts violated his right to be free from ex post facto laws by sentencing him under an amended version of the Minnesota Sentencing Guidelines. We affirm.

## I. BACKGROUND

In 1988, Munger was convicted by a jury in Olmsted County, Minnesota, for burglary in the first degree and for using a police radio during the commission of a crime. The trial court sentenced Munger to consecutive terms of ninety-seven months imprisonment for the burglary and twelve months and one day for use of the police radio.

The trial court calculated Munger's sentence on the first degree burglary conviction under the Minnesota Sentencing Guidelines ("sentencing guidelines") using an offense severity level of seven and a criminal history score of six. The sentencing range under the sentencing guidelines for this combination of severity level and criminal history score is ninety to one hundred four months. Munger received the presumptive sentence under the sentencing guidelines: ninety-seven months.

The trial court arrived at a criminal history score of six by taking into account Munger's prior felony and misdemeanor convictions. One of Munger's prior convictions was for a felony burglary in 1976. In that case, the court stayed imposition of sentence and ordered that Munger be placed on probation. Munger was discharged from probation for this offense on May 12, 1978, after successfully completing a two-year probationary period. This discharge meant that for most purposes, Munger's 1976 felony conviction would be deemed a misdemeanor after May 12, 1978.[2] Under section IIB of the sentencing guidelines in effect when Munger committed the 1988 burglary, however, felony points may be assigned to discharged felony convictions for purposes of calculating the criminal history score on a subsequent conviction for up to fifteen years after the discharge.[3] Prior to 1986, felony points were assigned to discharged felony convictions under sec-

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge.

2. Minnesota statute section 609.13 provides in pertinent part that, notwithstanding a felony conviction:

 [t]he conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

 Minn.Stat. § 609.13, subd. 1(2) (1987).

3. Section IIB, as modified in 1986, provides in pertinent part:

 1. Subject to the conditions listed below, the offender is assigned one point for every felony conviction for which a felony sentence was

stayed or imposed before the current sentencing or for which a stay of imposition of sentence was given before the current sentencing.

 . . . .

 d. Prior felony sentences or stays of imposition following felony convictions will not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of discharge from or expiration of the sentence, to the date of the current offense.

We note that there is no conflict between Minn. Stat. § 609.13 and section IIB of the sentencing guidelines. The statute concerns the treatment afforded the offender's record, but does not reach the calculation of criminal history scores under the sentencing guidelines. *State v. Clipper,* 429 N.W.2d 698, 701 (Minn.Ct.App.1988).

tion IIB for only five years after the discharge.[4]

The trial court, using the 1986 version of section IIB, assigned one felony point to Munger's 1976 burglary conviction because the conviction was discharged less than fifteen years before the current sentencing. Munger filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in the district court, alleging, among other things, that his 1976 burglary conviction—discharged in 1978—had "decayed" into a misdemeanor for sentencing purposes under the 1982 version of section IIB. Therefore, application of the 1986 section IIB at his sentencing in 1988 acted as an ex post facto law by changing—to Munger's detriment[5]—the legal consequences of acts completed before the effective date of the new guidelines. The district court denied the writ. This appeal followed. We have jurisdiction under 28 U.S.C. § 2253.

## II. DISCUSSION

■ The ex post facto clause of the Constitution prohibits the states from passing any law[6] that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798). A law violates the ex post facto clause if it applies to events occurring before its enactment and if it prescribes a greater punishment than the

law in effect on the date of the offense. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981); *Yamamoto v. United States Parole Comm'n*, 794 F.2d 1295, 1297 (8th Cir.1986).

■ Munger's claim has no merit because the 1986 sentencing guidelines were in effect before he committed the 1988 burglary. *Cf. United States v. Swanger*, 919 F.2d 94, 95 (8th Cir.1990) (per curium) (application of sentencing guidelines in effect at the time of sentencing, but not at the time of the offense, violated the ex post facto clause). The 1986 sentencing guidelines were not used to increase the punishment for Munger's 1976 burglary conviction. The prison term imposed by the trial court is for the 1988 burglary only, although the length of his sentence is affected by his prior burglary conviction. We have rejected similar ex post facto challenges before.[7] *See Schramm v. United States Parole Comm'n*, 767 F.2d 509, 512 (8th Cir.1985) (taking previous convictions into account in parole decisions does not increase the penalty for prior convictions).

Munger contends that even though the revised sentencing guidelines were in effect before he committed the 1988 burglary, applying them to revive a felony conviction that was transformed into a misdemeanor in 1983 violates the ex post facto

---

**4.** The 1982 version of section IIB provided in pertinent part:

 d. When a prior felony conviction results in a stay of imposition, and when that stay of imposition was successfully served, it shall be counted as a felony conviction for purposes of computing the criminal history score for five years from the date of discharge, and thereafter shall be counted as a misdemeanor under the provisions of item 3 below.

**5.** Munger contends that under the 1982 sentencing guidelines his presumptive sentence would have been eighty-one months rather than ninety-seven months.

**6.** We assume without deciding that the Minnesota Sentencing Guidelines are "laws" for purposes of the ex post facto clause. *Compare Miller v. Florida*, 482 U.S. 423, 435, 107 S.Ct. 2446, 2453–54, 96 L.Ed.2d 351 (1987) (ex post facto clause applies to Florida sentencing rules,

which are enacted by the Florida legislature with the force and effect of laws) *with Bailey v. Gardebring*, 940 F.2d 1150, 1156 (8th Cir.1991) (ex post facto clause does not apply to Minnesota parole regulations, which are promulgated by a commissioner and offer only procedural aid to the body vested with discretionary authority by the state legislature), *cert. denied*, —— U.S. ——, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992).

**7.** Munger's reliance on *United States v. Davis*, 936 F.2d 352 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992) is misplaced. In that case, we held that a 1975 statute limiting discharged felons' civil rights to possess a pistol could not apply to a person convicted in 1971 because the effect would be to increase retroactively the punishment for the 1971 crime. In contrast, the sentencing guidelines amendment here does not increase the penalty for previous convictions, but provides for increased penalties if the discharged felon should be convicted again.

**1326**

clause.[8] Munger relies on a Minnesota Supreme Court statement that "once a conviction has decayed, it is always decayed."[9] *State v. McGee*, 347 N.W.2d 802, 805 (Minn. 1984). Thus, Munger argues that he was entitled to rely on the fact that after 1983 his 1976 burglary conviction would be deemed a misdemeanor for all purposes.

Even assuming that Munger's reading of *McGee* is correct, Munger was not entitled to assume that his 1976 felony conviction would be deemed a misdemeanor after the sentencing guidelines were revised. The ex post facto clause assures "that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning *until explicitly changed.*" *Weaver*, 450 U.S. at 28–29, 101 S.Ct. at 964 (emphasis added). The 1986 amendments to the sentencing guidelines explicitly changed the length of time that discharged felony convictions would be taken into account in subsequent sentencing. The Constitution does not forbid prospective changes in the types of conduct that will be considered for sentencing purposes. After 1986, Munger was on notice that his previous felony convictions would be counted as felonies in future sentencing proceedings for up to fifteen years after they were discharged.

## III. CONCLUSION

For the reasons discussed above, the decision of the district court is affirmed.

---

**8.** Munger's argument appears to be closely related to a double jeopardy argument: the trial court imposed a second sentence for a prior conviction when it took the prior conviction into account in the present sentencing hearing. There is no double jeopardy violation because, as indicated previously, Munger is only being punished for the present crime with his sentence being affected by his prior criminal history. *United States v. Thomas*, 930 F.2d 12, 14 (8th Cir.1991).

**9.** The quoted language in context reads:

We do not have any difficulty with the general notion that some but not all of a defendant's prior convictions can be deemed to have decayed for purposes of computing his criminal history score. Thus, if a defendant was convicted in 1940 and discharged from sentence in 1945, and if he then went 10 years without committing another offense that led to a conviction and sentence, the 1940 conviction cannot be used later. Stated differently, once a conviction has decayed, it is always decayed.

*State v. McGee*, 347 N.W.2d 802, 805 (Minn. 1984).