**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Emert Reginald FLOWERS, Defendant—Appellant.**

No. 02–30250.

D.C. No. CR–01–00271–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 22, 2003.

---

Before GOODWIN, HUG, and BERZON, Circuit Judges.

## MEMORANDUM*

Emert Reginald Flowers appeals his sentence of 140 months in prison. Because the parties are familiar with the facts, we do not repeat them here.

The district court found that Flowers' base offense level under the U.S. Sentencing Guidelines is 34. The court supported this conclusion with two independent modes of analysis. To alter his sentence, therefore, Flowers must succeed on two different Guidelines challenges. As he cannot succeed on his Ex Post Facto Clause argument, we do not reach the challenge to the relevant conduct holding.

In determining that Flowers meets the career offender criteria, the district court properly applied the Guidelines in effect at the time of sentencing rather than the 1989 Guidelines in effect at the time of his prior conviction. A repeat offender statute in effect at the time a crime is committed can permissibly use convictions that predate the statute's enactment to enhance the sentence. *See McDonald v. Massachusetts*, 180 U.S. 311, 312–13, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *United States v. Ahumada–Avalos*, 875 F.2d 681, 684 (9th Cir.1989); *Wey Him Fong v. United States*, 287 F.2d 525, 526 (9th Cir.1961) (citing *McDonald*). So it would have been constitutional to rely on an entirely new repeat offender statute, enacted after Flowers' two prior convictions, to increase his sentence on the basis of the earlier convictions. That being the case, the 1991 amendment to the Guidelines that required the 1989 convictions to count as two prior convictions rather than one does not violate the Ex Post Facto Clause. *See, e.g., United States v. Gallegos–Gonzalez*, 3 F.3d 325, 326 n. 1 (1993).

*United States v. Bishop* is not to the contrary. In *Bishop*, the Guidelines in effect at the time of Bishop's sentencing were not applied because they differed from those in effect at the time Bishop committed the crime for which he was sentenced. 1 F.3d 910, 912 (9th Cir.1993). *Bishop* neither held nor suggested that the district court should have applied the Guidelines in place at the time of Bishop's prior convictions.

For the foregoing reasons, we AFFIRM the district court's sentencing ruling.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.