BRUNOT, Justice.
 

 The accused was indicted by the grand jury with the offense of willfully, maliciously, feloniously, and unlawfully assaulting Dave Basco by shooting at him. He was arraigned, pleaded not guilty, and the case was assigned for trial. Thereafter the case was regularly tried, and the jury returned the following verdict: "'We the jury find the Defendant guilty of Assault with a Dangerous weapon.” No motion for a new trial and no motion in arrest of judgment was filed by the defendant. Thereafter the defendant was sentenced to serve a term, at hard labor, in the State Penitentiary, for not less than one nor more than three years. From the verdict and sentence the defendant appealed, and the bond of the defendant, pending the appeal, was fixed by the judge at $2,000.
 

 Counsel for defendant relies upon five bills of exception which were reserved during the course of the trial. Four of the said bills were timely presented to the trial judge for his signature and per curiam. We have, in the abundance of precaution, considered these bills, although, under the provisions of article 559 of the Code of Criminal Procedure, and the case of State v. Stephens, 183 La. 431, 164 So. 162, we might have dismissed them. In the Stephens Case this court said:
 

 “Defendant who failed to file motion for new trial and thereby exhaust his remedies in trial court by submitting for .review rulings there made and complained of before appealing to Supreme Court was not entitled to be heard before Supreme Court (Code Cr.Proc. art. 559).”
 

 Our review of the five bills mentioned supra convinces us that all of said bills are without merit.
 

 
 *1035
 
 Bill No. 1 was reserved to a ruling of the court holding that an admission by the district attorney that, if the absent witness was present, he would testify to the facts dictated, by counsel for defendant, in the record, was sufficient, a formal motion for a continuance having been waived. The court’s per curiam to this bill disposes of it. We quote therefrom the following:
 

 , “This exception * * * is without merit. Joe Martin had been summoned by defendant but not served with subpoena. The District Attorney agreed that Joe Martin, if present, would testify according to a formal statement presented by counsel for defendant. Defendant’s counsel demanded that the facts dictated by him, as the testimony of Joe Martin, be taken as true. * * *
 

 “The state was not required to admit or deny the truthfulness of the testimony of the absent witness, but only, that the witness * * * would testify, if present, to the facts set out.
 

 “This agreement and the facts were read to the jury and they were charged relative thereto.”
 

 Bill No. 2 was reserved to a ruling holding that, where the State is surprised by the testimony of one of its witnesses, it may withdraw the witness and introduce testimony to show that the witness swore differently upon the same subject matter in an inquiry into the facts of the case had before the district attorney. The procedure was orderly and legal.
 

 Bill No. 3 was not submitted to the judge timely and no extension of time was asked for or granted. State v. Young, 153 La. 605, 606, 96 So. 275; State v. Barrett,
 
 137
 
 La. 535, 68 So. 945.
 

 Bill No. 4 was reserved to a ruling permitting the State to introduce testimony in rebuttal that should have been introduced in chief. The pertinent part of the judge’s per curiam to this bill is as follows:
 

 “The rule that the right to rebut must be limited to rebutting testimony must, in its application, be left to the sound discretion of the trial judge. * * * Where evidence which * * * should have been introduced in chief is introduced in rebuttal, the judge must, on request, grant defendant the right to rebut such evidence. No such request was made by defendant. * * *»
 

 Bill No. 5 was reserved to a ruling permitting the State to attack the credibility of Joe Martin, the absent witness. This bill is related to bill No. I. If this witness had been present and testified, his credibility could have been attacked. Article 495, Code Cr.Proc., provides “that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times.” The judge in his per curiam says:
 

 “The District Attorney admitted that the said Martin, if present, would testify to the facts filed in evidence. * * * Joe Martin was summoned by the defendant and had he been present would have been placed on cross examination by the District Attorney and asked whether he had been indicted or arrested and how many times. He was not present and the Bill of Indictment was filed to show he had been indicted.”
 

 
 *1037
 
 Finding no reversible error in any of the bills we have considered, we looked to the record to ascertain if there is any error patent on the face thereof. In so doing we find that the indictment under which the defendant was prosecuted charges the defendant with the crime of willfully, maliciously, and unlawfully assaulting Dave Basco by shooting at him. The verdict of the jury finds the accused guilty of the offense of assault with a dangerous weapon. The penalty for the offense the defendant was found guilty of committing is fixed by Act No. 107 of 1902. It is a fine of not less than $10 nor more than $100 or imprisonment in the parish jail for not more than three months nor less than ten days. State v. Quinn, 155 La. 287, 99 So. 222; article 503, Code Cr.Proc.
 

 It is clear that the sentence of the defendant in this case, to serve a term at hard labor in the State Penitentiary for not less than one year nor more than three years, is erroneous, and it is therefore avoided and set aside, and this case is remanded for sentence according to law.
 

 O’NIELL, C. J., dissents from the ruling on bill No. 5.
 

 ODOM, J., concurs in the decree.