38 So.2d 394

**STATE v. HAMM et al.**

No. 39080.

Dec. 13, 1948.

Booth, Lockard & Jack, of Shreveport, for defendants-appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen. and Edwin L. Blewer, Dist. Atty. and John A. Richardson, Asst. Dist. Atty., both of Shreveport, for appellee.

MOISE, Justice.

The defendants herein were charged with having committed "the crime of gambling", which is defined by Article 90 of the Louisiana Criminal Code. From the judgment of their conviction and respective sentences, they have appealed.

The defendants urge in particular one bill of exception. This bill, even if it had merit, is of no value, because the defendants, having failed to file a motion for a new trial and to exhaust their remedies in the district court by submitting for review the rulings there made and complained of, before appealing to this Court, have not in conformity with the law placed themselves in a position to obtain relief. Article 559, Code of Criminal Procedure; State v. Stinson, 174 La. 510, 141 So. 44; State v. Eubanks, 179 La. 92, 153 So. 31; State v. Stephens, 183 La. 431, 164 So. 162 and State v. White, 195 La. 1028, 197 So. 745.

For the reasons assigned, the convictions and sentences are affirmed.

O'NIELL C. J., concurs in the decree and assigns reasons.

O'NIELL, C. J., (concurring).

Although there are expressions in the opinion rendered in State v. Cooley, 185 La. 1032, 171 So. 435, which are not quite reconcilable with the ruling in the present case, as a matter of fact the decree rendered in the Cooley case was not a departure from the provisions of article 559 of the Code of Criminal Procedure. The article provides merely that no new trial can be granted on appeal unless a motion for a new trial was made and refused in the court below. In Cooley's case this court did not grant a new trial, but found that the sentence which had been imposed upon Cooley was erroneous, being in excess of

the maximum sentence allowed by the statute. We, therefore, merely set aside the sentence and remanded the case for the defendant to be sentenced according to law.

In State v. Richard, 203 La. 722, 14 So.2d 615, the defendant, appellant, was convicted of murder and sentenced to suffer the death penalty. The State moved to dismiss his appeal because of the failure of his attorney to exhaust his remedies in the lower court by applying for a new trial. This court declined to dismiss the appeal, but considered the bills of exception on their merits, for no other reason than that the case was one in which the death sentence had been pronounced. There is no such reason why we should decline to enforce article 559 of the Code of Criminal Procedure in this case, where the defendants, appellants, were charged with and convicted of a misdemeanor, gambling, and were sentenced accordingly.

With this explanation I concur in the decree rendered in this case.