322 So.2d 177 (1975)
STATE of Louisiana
v.
Freddie Lee WILLIAMS a/k/a Freddie Lee Reed.
No. 56309.
Supreme Court of Louisiana.
October 1, 1975.
Concurring Opinion November 20, 1975.
*178 Robert P. Waddell, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Freddie Lee Williams, a/k/a Freddie Lee Reed, was jointly charged by bill of information with his brother, Nathan Williams, Jr., for having committed the crime of simple burglary in violation of La.R.S. 14:62. Nathan Williams, Jr. pled guilty to the charge. Defendant pled not guilty and was convicted of simple burglary after trial by jury. The district attorney filed a bill of information charging defendant with being a third felony offender. La.R.S. 15:529.1. It was alleged that, in addition to the present felony conviction of simple burglary, defendant had two prior felony convictions.[1] Defendant pled guilty to being a third felony offender and was sentenced to serve 18 years at hard labor. On appeal, defendant relies upon two assignments of error to set aside his sentence.
In the first assignment of error, defendant argues that the Habitual Offender Law, La.R.S. 15:529.1, is unconstitutional on two grounds: first, that the statute prescribes the infliction of cruel and unusual punishment in violation of the eighth amendment, and, second, that the statute punishes a "status" rather than a crime and thus subjects the offender to imprisonment without due process of law in violation of the fifth amendment.[2]
There is no substance to this argument. Habitual offender statutes have survived constitutional attack so often that their validity is no longer a matter of serious doubt. See McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901). The constitutionality of La.R.S. 15:529. 1 has been upheld by this court several times. It is well established that the law does not make it a crime to be a multiple offender; it merely prescribes an enhanced penalty for multiple offenders. As an enhancement-of-penalty provision, the statute does not punish a status, nor does it impose cruel and unusual punishment. See State ex rel. Williams v. Henderson, 289 So.2d 74 (La. 1974); State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), rev'd on other grounds, 399 U.S. 30, 90 S. Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Guidry, 169 La. 215, 124 So. 832 (1929). See also Price v. Allgood, 369 F.2d 376 *179 (5th Cir. 1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967).
The first assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Conceding arguendo that the Habitual Offender Law is constitutional, defendant contends that the sentence inflicts cruel and unusual punishment because its severity, in the circumstances of this case, is disproportionate to the crime that he committed.
This contention does not present an issue that this court may consider on appeal. The allegation that a sentence imposes cruel and unusual punishment as applied in the particular circumstances of the case does not present an error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. Defendant has not complied with the procedure outlined in Code of Criminal Procedure articles 841 and 844, as amended, La.Acts 1974, No. 207, § 1, which require that a party must object to an error or irregularity at the time of its occurrence and must designate, in writing, to the trial court those errors which are to be urged on appeal. Consequently, the alleged error of which defendant complains in his brief is not before us for review. La.Code Crim.P. art. 920 (1966), as amended, La.Acts 1974, No. 207, § 1; State v. Shillow, 310 So.2d 103 (La.1975). This assignment of error lacks merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SANDERS, C. J., concurs.
SUMMERS, J., concurs and assigns reasons.
SUMMERS, Justice (concurring).
In this record the minutes of the trial court clearly demonstrate that defendant was sentenced as a third felony offender and set forth the sentence imposed by reason thereof. It is not correct to say, therefore, as the Court's opinion does, that "The allegation that a sentence imposes cruel and unusual punishment as applied in the particular circumstances of the case does not present an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
Where errors of law are reflected, the minutes of the trial court, and particularly reference to the sentence or judgment, have always been considered reviewable on appeal as errors patent on the face of the record. The term errors patent on the face of the record has come to be known as "an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.Proc. art. 920. State v. Jones, 288 So.2d 48 (La.1973); State v. Chighizola, 281 So.2d 702 (La.1973); State v. Luquette, 275 So.2d 396 (La.1973); State v. Palmer, 251 La. 759, 206 So.2d 485 (1968); State v. Cox, 243 La. 917, 148 So. 2d 600 (1963); State v. Gordon, 214 La. 822, 38 So.2d 794 (1949); State v. Cooley, 185 La. 1032, 171 So. 435 (1937).
When the error appears by a mere inspection of the minutes it is not necessary to reserve a bill of exceptions or assign error to permit its consideration on appeal, for in this situation the Court may notice the error ex propria motu, even if it is not called to our attention in brief.
Notwithstanding the Court's erroneous statement of the law, the contention that the enhanced penalty sentence inflicts cruel and unusual punishment is not meritorious. La.Code Crim.Proc. art. 878; McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *180 Price v. Allgood, 369 F.2d 376 (5th Cir. 1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349, reh. denied 387 U.S. 939, 87 S.Ct. 2057, 18 L.Ed.2d 1009; State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds, 399 U. S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).
I respectfully concur.
NOTES
[1] On October 10, 1969, defendant pled guilty to attempted simple burglary and, on December 3, 1971, to simple robbery.
[2] Defendant did not object to the constitutionality of the Habitual Offender Law in the trial court, as required by Code of Criminal Procedure article 841, nor did he follow the provisions of article 844 requiring that the written designation of those errors that are to be urged on appeal be filed with the trial court. The unconstitutionality of the statute on which the conviction is based, however, is an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, which we are entitled to review even though defendant has not complied with the assignment of errors procedure. La.Code Crim.P. art. 920, Official Revision Comment (d) (1966), as amended, La.Acts 1974, No. 207, § 1. See City of Baton Rouge v. Norman, 290 So.2d 865 (La. 1974). Cf. La.Code Crim.P. art. 859(2) (1966); State v. Peterman, 121 La. 620, 46 So. 672 (1908).