328 So.2d 87 (1976)
STATE of Louisiana
v.
Robert WALKER.
No. 56968.
Supreme Court of Louisiana.
February 23, 1976.
James J. Gleason, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Robert Walker was charged by bill of information with attempting to commit a burglary in violation of R.S. 14:27 and 14:62. Walker was tried by jury on April 10, 1975 and found guilty as charged. He was sentenced as a multiple offender to fifty years at hard labor with *88 credit for time served. His appeal is based upon three assignments of error.

ASSIGNMENT OF ERROR NO. 1
At the defendant's trial, the state offered into evidence a pair of black pants and a red shirt which defendant was allegedly wearing at the time of his apprehension. Over defendant's objection that the clothing was irrelevant, the court allowed the items to be introduced. Defendant argues in brief that the items were irrelevant because at the time of their introduction the arresting police officer had already identified defendant Walker as the man he had arrested without the necessity of referring to the clothes to make the identification.
At the trial, Officer John Loper testified that he and his partner were on routine patrol in the French Quarter in New Orleans, Louisiana, when they observed a man "prying on a protected wire screen" with a long rod. Patrolman Loper stopped to question the man and then arrested him. The officer testified that the man was wearing the black pants and red shirt which he identified. He and his partner transported defendant to Central Lockup where the shirt and trousers were seized.
In order for evidence to be admissible, of course, it must be "relevant to the material issue." R.S. 15:435. The identity of the person who committed the crime is always a material issue; therefore, facts tending to establish that the defendant was the person who committed the crime are relevant and hence, admissible. R.S. 15:441. The clothes at issue here were identified as those which the defendant was wearing at the time he was arrested and booked. The clothes were also identified as being those worn by the man committing the crime in question. Certainly, then, the clothes were probative in establishing that defendant Walker was the man who committed the crime. Hence, they were relevant and therefore admissible. State v. Freeman, 306 So.2d 703 (La.1975); State v. Giles, 253 La. 533, 218 So.2d 585 (1969); McCormick on Evidence § 184 (2nd ed. 1972). The fact that defendant was also identified by Patrolman Loper independent of the clothes defendant was wearing does not make the clothes themselves irrelevant because, as we stated in State v. Stokes, 250 La. 277, 195 So.2d 267, 270 (1967), "(t)he evidentiary fact offered `does not need to have strong, full, superlative, probative value * * * or to produce persuasion by its sole and intrinsic force, but merely to be worth consideration by the jury * * *'."
Therefore the clothes here at issue were certainly relevant evidence, and the trial court properly permitted their introduction into evidence.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant Walker assigns as error the trial court's denial of his motion for a directed verdict. He argues that the state introduced no evidence to establish that defendant possessed the requisite criminal intent needed in order to be found guilty of attempted simple burglary.
In order to be found guilty of attempted simple burglary, a person must have been shown to have the specific intent to enter a "structure . . . with the intent to commit a felony or any theft therein." R.S. 14:27, R.S. 14:62. In the trial of defendant Walker, Patrolman Loper testified that in the early morning hours he saw defendant prying with a long rod on the protected wire screen of the door to a business office. He observed "large pieces of broken glass lying on the concrete stoop and between the screen and the front door."
On appellate review, this Court must find no evidence of an element of the crime charged before it reverses a trial judge's denial of a motion to direct a verdict. *89 State v. Douglas, 278 So.2d 485 (La.1973). Patrolman Loper's testimony that defendant was prying open the front door of a business office in the early hours of the morning is some evidence that defendant had the requisite intent so that he could be found guilty of the crime of attempted simple burglary.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant assigns as error the trial judge's denial of his motion to quash the state's bill of information against defendant charging him as a multiple offender under the provisions of R.S. 15:529.1. Defendant had two bases for his motion to quash.
First, defendant argues that the fifty year sentence given to defendant pursuant to his conviction for a crime which can ordinarily be punished for up to four and one-half years constitutes "cruel, excessive, or unusual punishment" in violation of Article I, Section 20 of the Louisiana Constitution of 1974. The defendant argues that the "imposition of this penalty for the conviction of the relatively minor offense of an attempt to commit a simple burglary constitutes cruel and unusual punishment, and is surely "excessive."
Secondly, defendant argues that because the offender could have been given a life sentence under the provisions of the multiple offender law that the charge should have been brought by grand jury indictment.
As to defendant's first argument, it has been held repeatedly by this Court that the enhancement of a defendant's sentence under the multiple offender provision does not constitute cruel and unusual punishment.See State v. Williams, La., 322 So.2d 177 (decided October 1, 1975) and authorities cited therein.
Nor was defendant's punishment so disproportionate to the offense he committed as to be "excessive" under Article I, Section 20 of the Louisiana Constitution of 1974. This provision of the Constitution guarantees that"No law shall subject any person to . . . cruel, excessive, or unusual punishment." We do not find defendant's punishment of fifty years to be too severe a punishment for committing a fourth felony, in this case attempted simple burglary.
Defendant's second argument is that Article I, Section 15 of the Louisiana Constitution of 1974 requires that the charge against him as a multiple offender be brought by means of a grand jury indictment because as a multiple offender he was exposed to life imprisonment.
Article I, Section 15 of the Louisiana Constitution of 1974 provides that "no person shall be held to answer for . . . a crime punishable by life imprisonment except on indictment by a grand jury."We have recently held on two occasions that this provision does not require a charge for an enhanced penalty to be brought by grand jury indictment because the enhanced penalty is not a "crime."See State v. Williams, supra; State v. Alexander, La., 325 So.2d 777 (decided January 19, 1976). In these decisions we have determined that the word "crime" means only crimes which the legislature has classified as punishable by life imprisonment; it does not refer to a charge brought to enhance the penalty given to a multiple offender. The charge against defendant as a fourth offender was, therefore, properly brought by way of information without need for grand jury indictment.
The assignment of error lacks merit.
For the reasons assigned, defendant Walker's conviction and sentence are affirmed.
*90 CALOGERO, J., assigns additional concurring reasons.
DENNIS, J., concurs for the reasons stated by CALOGERO, J.
CALOGERO, Justice (concurring).
Because I am constrained to follow the recent jurisprudence in this area, I concur in the foregoing opinion prepared for the Court's majority. My personal view, however, is that defendant Walker's charge as a fourth offender which exposed him to life imprisonment probably should have been brought by grand jury indictment. My reasons for this view follow.
As this Court has held many times, the multiple offender statute does not provide for the charging of a new crime, nor does it make a person's status criminal. Instead, it merely provides an enhanced penalty against a multiple offender for the basic crime. State v. Williams, supra; State v. Rowell, 306 So.2d 668 (La.1975);State v. Boatner, 304 So.2d 661 (La.1974); State v. Jackson, 298 So.2d 777 (La.1974). In defendant's case, as a fourth offender he was exposed to possible life imprisonment upon conviction of the crime of attempted simple burglary. Article I, Section 15 of the Louisiana Constitution of 1974 provides that "no person shall be held to answer for. . . a crime punishable by life imprisonment except on indictment by a grand jury."[1] Until the multiple offender charge was filed, defendant was not exposed to a possible life term. Under the 1974 Constitution, then, it would seem clear that defendant's charge as a multiple offender should have been by grand jury indictment.
The multiple offender statute, however, provides that the charge shall be by bill of information. R.S. 15:529.1. Because this provision does not, as it stands, require grand jury indictment in cases when defendants are exposed to life imprisonment, it conflicts with the newer constitutional guarantee.
When I try to resolve this conflict between constitution and statute, I look first to the great flexibility that the district attorney is given under the multiple offender statute. He has the discretion not to charge a defendant as a multiple offender even though he knows of defendant's previous convictions. He may know about the previous convictions and not intend to charge him as a multiple offender, and later, even after defendant is convicted but still within a reasonable time, decide to multiple bill him. State v. McQueen, 308 So.2d 752 (La.1975). The district attorney might discover defendant is a multiple offender only after he has been convicted and sentenced and, within a reasonable time, have the sentence vacated and defendant re-sentenced under a multiple bill. Given all of the options the district attorney holds in relation to the time he can file the charge, and his discretion in deciding to file the charge at all, it is clear to us that, as a practical matter, the accused becomes exposed to the enhanced penalty only at the time the multiple bill is filed, not at the time the substantive crime is charged.
Even though the multiple offender charge does not accuse a person of the commission of a substantive crime, it does enhance his penalty for the substantive crime. The only realistic way, then, to read meaning into the constitutional mandate *91 that "no person shall be held to answer for . . . a crime punishable by life imprisonment except on indictment by a grand jury"is to require that, when a multiple offender charge is filed against a person who will be exposed to the possibility of life imprisonment, the charge as a multiple offender be by grand jury indictment.
NOTES
[1] The provision in pertinent part guarantees that Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury."

Prompted by that constitutional provision, the legislature amended C.Cr.P. art. 382 so as to comport with the new constitutional directive.