336 So.2d 836 (1976)
STATE of Louisiana
v.
John Edward RALPH.
No. 57462.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*838 James S. Gravel, Eugene P. Cicardo, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Edward E. Roberts, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant John Edward Ralph was charged by bill of information with the crime of simple burglary in violation of R.S. 14:62. After a jury trial he was found guilty as charged. Subsequently the district attorney filed a bill of information charging the defendant as a multiple offender under R.S. 15:529.1. He was found guilty and sentenced to life imprisonment. On appeal he relies on seven assignments of error.[1]

Assignments of Error Nos. 1 and 5
In a motion for a bill of particulars, the defendant requested that he be informed under which statute or statutes he was being prosecuted. The State responded that he was being prosecuted under R.S. 14:62, simple burglary.
The State, in its opening statement, and the judge, in his instructions to the jury, referred to the law of principals, R.S. 14:24. The defendant objected on the grounds that the State had failed to mention R.S. 14:24 in its answer to the motion for a bill of particulars. Defendant further alleged that such failure resulted in his not being informed of the nature and cause of the accusation against him in violation of La.Const. art. 1, § 13 (1974). We cannot agree with the defendant's contentions.
C.Cr.P. 464 states:
"The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."
R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
The omission of any reference to R.S. 14:24 in the information and answer to the motion for a bill of particulars cannot have prejudiced the defendant. He was charged with simple burglary, not as an accessory after the fact. All persons concerned in the commission of the crime are principals. Therefore, the defendant was on notice that he was charged with commission of a burglary, that is, as a principal. As we stated in State v. Peterson, 290 So.2d 307, 308 (La.1974):
". . . There is absolutely no requirement that an indictment explicitly denominate *839 the accused as `principal.' That the accused is indicted for the offense itself, and not charged as an accessory after the fact, irrefutably evidences that he is charged as a principal."
Assignments of Error Nos. 1 and 5 are without merit.

Assignment of Error No. 3
The defendant contends the trial judge erred in refusing to sustain his challenge for cause of a juror who expressed some curiosity as to why an innocent man would not take the stand in his own defense. This juror, however, further stated that the defendant's failure to take the stand would not affect his decision as to the defendant's guilt or innocence.
We find that defendant cannot complain about the trial judge's ruling. C.Cr.P. 800 states, in pertinent part:
"A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel."
Defendant did not exhaust his peremptory challenges before the completion of the panel and therefore, under C.Cr.P. 800, he cannot now be heard to complain that the judge's ruling was error.
Assignment of Error No. 3 is without merit.

Assignment of Error No. 4
The defendant contends that the trial judge erred in refusing to order witnesses to talk to both the State and defense counsel. We find no error.
The trial judge instructed the witnesses that they were free to talk to any of the attorneys, whether for the State or defense, if they wished to. The trial judge further instructed the witnesses that they could disregard any instructions that someone might have given them to the effect that they should not talk to defense counsel. However, the judge refused to order the witnesses to talk to anyone.
The judge's ruling was correct. Defendant cites no authority for the proposition that the judge should order a witness to talk to defense counsel. The judge's ruling was fair to the defendant, especially since no showing was made that anyone had in fact instructed the witnesses not to talk to defense counsel.
Assignment of Error No. 4 has no merit.

Assignments of Error Nos. 8, 9, and 10
These assignments relate to the sentencing of the defendant as a multiple offender under R.S. 15:529.1. We find no merit in any of the defendant's contentions.
Defendant first contends that the charge as a multiple offender in this case had to be brought by grand jury indictment, because the charge subjected him to life imprisonment. This same contention was rejected by this court in State v. Walker, 328 So.2d 87 (La.1976), wherein we held that the Louisiana Constitution does not require a charge for an enhanced penalty to be brought by indictment, because the enhanced penalty is not a "crime."
The defendant also objected to the documents and evidence introduced at the multiple offender hearing, on the grounds that they were not properly authenticated.
State's Exhibit No. 1, which was the record pertaining to defendant's conviction for violation of the Dyer Act, 18 U.S.C., § 2312, was authenticated by T. L. Peek, the Administrative Assistant of the United States Penitentiary in Atlanta, Georgia. His signature, attested to by two others, is sufficient authentication under R.S. 15:529.1(F).
*840 Defendant further contends that R.S. 15:529.1(F) makes no provisions for introduction of a certificate from a federal penitentiary. R.S. 15:529.1(F) specifically provides for the effect of "the certificates. . . of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country . . ." The omission of a reference to federal prisons would seem to be a legislative oversight. Nevertheless, such certificates are admissible. Although we are cited to no statute specifically permitting the introduction of the certificate of a superintendent of a federal prison, such certificate carries the same indicia of authenticity and veracity as one from a state prison, and will be given the same force and effect prima facie evidence of the imprisonment and discharge.
Defendant also contends that State's Exhibit No. 1 does not contain all of the information listed in R.S. 15:529.1(F). We have reviewed the information and find that R.S. 15:529.1(F) was fully complied with.
Finally, defendant contends that, since Louisiana has not made the transportation of a stolen motor vehicle in interstate commerce a crime under the laws of this State, the federal conviction on this charge cannot stand as the basis of the enhanced penalty. We cannot agree.
R.S. 15:529.1(A) provides for enhanced penalties for anyone ". . . convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony . . ." The Penalty for violation of the Dyer Act, 18 U.S.C., § 2312, is $5000 or imprisonment for up to five years, or both. A felony under federal law is any crime punishable by death or imprisonment for a term exceeding one year. 18 U.S.C., § 1. In State v. Brown, 185 La. 855, 171 So. 55 (1936), we interpreted "which if committed in this state would be a felony" by looking at the penalty provision of the crime and not the crime itself. Clearly then violation of the Dyer Act, which subjects defendants to imprisonment for over one year, is a "felony" under R.S. 15:529.1. Any felony under the laws of the United States makes the multiple offender act applicable. Any felony under the laws of a foreign government can also be treated as a prior conviction if that crime would be a felony if committed under the law of Louisiana. R.S. 15:529.1(A).
Defendant also contends that the record of his prior state convictions cannot be used because it fails to show the length of time imprisoned or the date of discharge. This argument has no merit. See State v. Maduell, 326 So.2d 820 (La.1976).
The State proved that the defendant committed the crime of felony theft, for which he was sentenced to nine years imprisonment on November 6, 1953. R.S. 15:529.1(C) provides:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
By adding five years to the nine years maximum sentence the defendant received, the State could use this 1953 conviction in a multiple offender proceeding if the defendant committed another felony before November 6, 1967. Defendant was *841 convicted of another felony, violation of 18 U.S.C., § 2312, in 1961 and hence the 1953 conviction can be used against him.
Assignments of Error Nos. 8, 9 and 10 are without merit.
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] Assignments of Error Nos. 2, 6 and 7 were specifically abandoned in brief.