416 So.2d 56 (1982)
STATE of Louisiana
v.
Arthur P. BERNDT.
No. 81-KA-1494.
Supreme Court of Louisiana.
June 21, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Harold J. Gilbert, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Numa Bertel, Dwight Doskey and M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
DIXON, Chief Justice[*].
Arthur F. Berndt pleaded guilty to the crime of distribution of hydromorphine, more commonly known as dilaudid, in violation of R.S. 40:967. The court sentenced defendant to thirty years with credit for time served. Sentence was suspended on condition that defendant complete the Odyssey House drug rehabilitation program, and he was also placed on five years active probation. The state filed a multiple bill charging Berndt as a fourth offender under R.S. 15:529.1. Defendant's previous crimes were state convictions for forgery and simple burglary and a federal conviction for possession of a stolen welfare check. The trial court ruled defendant a fourth offender and vacated his original sentence. The court then imposed the same sentence of thirty years at hard labor with the jail sentence suspended, five years active probation and the special condition that he successfully *57 complete the Odyssey House program. Since defendant was currently subject to a federal sentence the trial court ruled that the sentence in this case should run concurrently with the federal sentence. After a status hearing on July 27, 1978 the trial court ordered defendant remanded to the custody of federal authorities with a detainer placed on him for this case so that he could begin his probationary period in the Odyssey House program when the federal sentence had been served.
On June 3, 1980 defendant was on active probation and was charged with the crime of being a convicted felon in possession of a firearm, a violation of R.S. 14:95.1. After he pleaded guilty to the charge, the court sentenced defendant to serve three years without benefit of probation, parole or suspension of sentence. On June 18, 1980, pursuant to the state's rule to show cause why defendant's probation should not be revoked, the trial court revoked defendant's probation and ordered him to serve the multiple offender sentence of thirty years at hard labor with credit for time served.
On September 17, 1980 defendant filed an application for a writ of habeas corpus alleging that the revocation of his probation stemmed from multiple bill sentencing based on four convictions in which he had pleaded guilty but had not been properly Boykinized. The trial court ruled that defendant had not been properly Boykinized when he pleaded guilty in 1973 to a simple burglary charge, thereby preventing its use to enhance defendant's sentence. The court then vacated the thirty year sentence and resentenced defendant as a triple offender under R.S. 15:529.1. Defendant was ordered to serve twenty years at hard labor with credit for time served, to run concurrently with the three year sentence for firearm possession.
Defendant objected to the court's ruling and now appeals the designation as a triple offender to this court. Although lodged as an appeal, this case is in the nature of an application for supervisory writs to review the ruling by the trial court denying defendant habeas corpus relief following the revocation of his probation. Pursuant to Louisiana Supreme Court Rule 1(11) we treat the appeal as an application for supervisory writs and determine the merits accordingly.
Defendant was sentenced as a triple offender based on guilty pleas entered in 1968 for forgery, a violation of R.S. 14:72, in 1978 for distribution of hydromorphine, a violation of R.S. 40:967 and in 1973 for possession of stolen mail, a violation of 18 U.S.C. § 1708. Defendant claims that since he was not properly Boykinized in any of the three guilty pleas for the above convictions, they are defective for R.S. 15:529.1 multiple bill purposes. State v. Nelson, 379 So.2d 1072 (La.1980). Defendant argues he was not advised that by pleading guilty he was relinquishing his rights to a jury trial and to confront his witnesses, as well as his privilege against self-incrimination as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Nelson, supra. In addition, defendant maintains that the 1973 guilty plea in federal court cannot be used to enhance his sentence in a Louisiana court since, if the crime were committed in Louisiana, it would not be a felony. He relies on 15:529.1 A which provides:
"Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
. . ."
With regard to the constitutional sufficiency of the pleas, the state correctly points out that defendant's 1968 guilty plea was before Boykin. According to this court's decision in State v. Holden, 375 So.2d 1372 (La.1979), the state is only required to prove, in guilty pleas entered before December 8, 1971 that defendant pleaded with representation by counsel. If defendant was represented by counsel then *58 he is precluded from making a collateral attack beyond the colloquy on the guilty pleas in the enhancement penalty proceedings. Holden, supra at 1376. Since defendant admitted that he had an attorney for his guilty plea in 1968, this plea is not defective and was properly used to enhance defendant's sentence.
The state correctly noted that the 1978 plea was entered with the proper precautions required by Boykin. Evidence that defendant was advised that he was waiving the three constitutional rights by pleading guilty, as required in Boykin, appears in the record. Thus, the guilty plea in 1978 was properly used to enhance defendant's sentence.
On August 7, 1973 in the United States District Court for the Eastern District of Louisiana defendant pleaded guilty to the crime of possession of stolen mail. The court sentenced him to serve forty-two months in prison. The mail was a welfare check in the amount of $17.00. Defendant claims this crime would be a misdemeanor of receiving stolen things in Louisiana, a violation of R.S. 14:69.[1] Since misdemeanors cannot be used in a multiple bill to enhance defendant's sentence, the 1973 federal conviction was improperly used to sentence defendant as a third offender. In response to defendant's argument that the federal conviction would be a misdemeanor under Louisiana statutes, the state claims the analogy is untenable. Since the offense was possession of stolen mail as defined by 18 U.S.C. § 1708[2] and not the possession of stolen goods, a more suitable comparison would be to burglary, which is a felony under R.S. 14:60-62.2.
The federal conviction was classified as a felony under 18 U.S.C. § 1.[3] However, it appears that in Louisiana it would have *59 been a misdemeanor. In State v. Jones, 408 So.2d 1285 (La.1982), this court classified the federal charge of possession of stolen mail as possession of stolen goods, a violation of R.S. 14:69. In Jones we held the offense of possession of stolen mail to be a felony in Louisiana since the amount of the check was in excess of $100. In Jones two Family Services checks were involved, one in the amount of $140 and another for $153.40. The amount of the welfare check in defendant's possession in this case was $17.00; under R.S. 14:69 the offense is a misdemeanor.
Therefore, the 1973 federal conviction cannot be used for enhancement purposes under R.S. 15:529.1, and defendant should not have been sentenced as a triple offender.[4] For these reasons, defendant's sentence as a third offender under 15:529.1 is vacated, and the case is remanded so that defendant may be resentenced as a second offender.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and will assign reasons.
SEXTON, J. ad hoc, dissents with reasons.
MARCUS, Justice (dissenting).
La.R.S. 15:529.1 A provides enhanced punishment for any person who, "after having been convicted under the laws ... of the United States ... of a crime which, if committed in this state would be a felony," is subsequently convicted of a felony within this state. Under this statute, it is the nature of the federal offense which is first looked to in determining whether the offense would be a felony in Louisiana. If there is a similar Louisiana offense, then Louisiana's classification of the offense determines whether the federal conviction was a felony conviction. If there is no similar Louisiana offense, then an offense which is a felony under federal law as a result of the penalty is considered a felony in Louisiana for enhancement purposes. In the instant case, 18 U.S.C. § 1708 provides a penalty for stealing, taking, embezzling or abstracting any mail as well as for buying, receiving, concealing or possessing any mail so stolen, taken, embezzled or abstracted. The penalty for all of these offenses is the same. The value of the mail is of no moment. Hence, the nature of the offense is tampering with the mail. Accordingly, I do not consider the federal offense of possessing stolen mail to be similar to the Louisiana offense of receiving stolen things. To the extent that State v. Jones, 408 So.2d 1285 (La.1982) is inconsistent with this view, I would overrule it. Since the penalty for possession stolen mail is imprisonment for not more than five years or a fine of not more than $2,000, the offense is classified as a felony under federal law. 18 U.S.C. § 1. Hence, the federal crime, if committed in this state, would be a felony and, therefore, the federal conviction can be used for enhancement purposes under La. R.S. 15:529.1 A. Accordingly, I respectfully dissent.
*60 BLANCHE, Justice (dissenting).
The federal guilty plea to possession of stolen mail (a welfare check in the amount of $17.00) is a serious federal offense, the penalty provisions of which impose a fine of $2000 or imprisonment up to five years, or both. The amount of the check in the stolen mail has no bearing on the gravity of the offense. It is the taking or receiving or possession of the stolen mail which is the gravamen of the offense. We have no comparable offense and, for that reason, we should look to the penalty imposed by the federal statute.
I agree with the dissent of Sexton, J., Ad Hoc that the approach in Ralph is consistent with the intent of the multiple offender law.
FRED C. SEXTON, Justice Ad Hoc, dissenting.
I respectfully dissent. The majority opinion relies on State v. Jones, 408 So.2d 1285 (La.1982), for the proposition that in a multiple offender proceeding involving a federal conviction, where Louisiana does not have the same offense, the court will look to the act itself (rather than define the offense by the penalty) to determine if Louisiana has an offense which encompasses the actions of the defendant. In so doing State v. Ralph, 336 So.2d 836 (La.1976), is specifically overruled. I believe Jones simply overlooked Ralph. Note that the result in Jones would be the same under either theory.
In my view, Ralph is the better law. The United States is our superior jurisdiction. We have no counterpart for many federal offenses such kind as Dyer Act violations and mail offenses which are considered serious transgressions against the peace and dignity of the United States for good reason. The purpose of our multiple offender law is to penalize a defendant more severely for repeated serious transgressions. The approach in Ralph is consistent with the intent of this law. (It is not inconsistent, in my view, with State v. Singleton, 352 So.2d 191 (La.1977), which holds that if Louisiana defines the same crime as the federal offense as a misdemeanor that our treatment of the offense is controlling for multiple offender purposes.)
NOTES
[*] Judges William Norris, III and Fred C. Sexton, Jr. of the Court of Appeal, Second Circuit, and Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] R.S. 14:69 provides in pertinent part:

"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
Whoever commits the crime of receiving stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the value of the stolen things amounts to one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the value of the stolen things amounts to less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of receiving stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
. . ."
[2] 18 U.S.C. § 1708 states the following:

"Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or
Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter, or Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted
Shall be fined not more than $2,000 or imprisoned not more than five years, or both."
[3] 18 U.S.C. § 1 provides:

"Notwithstanding any Act of Congress to the contrary:
(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.
(2) Any other offense is a misdemeanor.
(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."
[4] In State v. Ralph, 336 So.2d 836 (La.1976), by Dixon, J., we allowed the use of a Dyer Act conviction (18 U.S.C. § 2312) in finding the defendant a multiple offender under R.S. 15:529.1. In the discussion, we erroneously interpreted State v. Brown, 185 La. 855, 171 So. 55 (1936), to stand for the proposition that we would look "at the penalty provision of the crime and not the crime itself" (State v. Ralph, supra, at 840) to determine whether the conviction in another jurisdiction could be used in a multiple offender proceeding in Louisiana. State v. Brown, supra, did not stand for such a proposition. There, a Texas offense, called "felony theft," defined as the theft of property of the value of $50.00 or more, was punishable by not less than two years in the penitentiary and would have been a felony if committed in this state (where the theft of property valued at $50.00 was punishable with or without hard labor for not more than two years). The court said at 185 La. 859, 171 So. 56:

"... So it is clear that if the defendant had committed in this State the crime known in Texas as `felony theft' he could, on conviction, have been sentenced to hard labor in the State Penitentiary for a term not exceeding two years."
Insofar as State v. Ralph, supra, is contrary to this opinion, it is overruled. See also State v. Singleton, 352 So.2d 191 (La.1977).