AUGUSTINE, Judge.
In August of 1974 Amos M. Brown was convicted of possession of heroin with intent to distribute, a violation of 21 U.S.C. § 844(a), a section of the Federal Controlled Substances Act. That conviction was used as the predicate conviction when Amos Brown was later tried and found guilty of attempted possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies, a violation of LSA-R.S. 14:95.1.[1] Pursuant to the con *328 viction under 14:95.1. Brown was sentenced to serve 15 months, at hard labor with credit for time served. We affirm.
On appeal the defendant makes two specifications of error. First, he claims that it was error, as a matter of law, for the trial court to refuse to allow him to introduce copies of the federal statutes under which he was convicted for possession of heroin. The defendant also avers that the trial court erred, as a matter of law, when it refused to give the defendant’s requested jury instructions Nos. two and three, to the jury.
We will deal with the second specification of error first. The trial record shows that instruction No. two was denied because sections A and C of that instruction were already included in the judge’s jury charge as was all of the defendant’s requested instruction three. In charging a jury, the trial judge is required to cover every phase of the case supported by the evidence whether or not accepted as true. It is the duty of a trial judge to give “a requested special charge ... if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent; it need not be given if it is included in the general charge or in another special charge which is given.” State v. Smith, 414 So.2d 1237, 1242 (La.1982) (citations omitted). Thus instructions No. two (A) and (C) and instruction No. three were properly denied.
Section B of the defendant’s requested jury instruction No. two was denied because the trial judge considered it a misstatement of the law. That instruction was worded as follows: “With regard to the first element, that is that the defendant has the status of a convicted felon, the State must introduce the following evidence .... that the crime to which the defendant pled guilty was a felony under federal law and would have been one of the crimes enumerated under our law.” Since a special charge must be given by the trial judge only if it is wholly correct and pertinent, State v. Arnaud, 412 So.2d 1013 (La.1982), we must ascertain whether the trial judge correctly determined that requested instruction No. two (B) was a misstatement of the law. That inquiry clarifies and identifies the only issue in this case, which is whether a person convicted of a crime classified as a misdemeanor under federal law may nevertheless be punished as if he had been convicted of the Louisiana felony?
While this is an issue of first impression in Louisiana insofar as LSA-R.S. 14:95.1 is concerned, the decisions under a similar statute LSA-R.S. 15:529.1,[2] the Habitual Offender Law, provide us with guidance.
The defendant relies primarily upon the case of State v. Ralph, 336 So.2d 836 (La.1976) for the proposition that in order to have a valid conviction under 15:529.1 the federal conviction must be a felony under federal law and the offense must also constitute a felony under Louisiana law. The defendant posits that this is also the proper test to apply in determining whether a conviction is valid under 14:95.1.
In Ralph the defendant was found guilty of the crime of simple burglary. Subsequently the district attorney filed a bill of information charging the defendant as a multiple offender under 15:529.1, based on a prior federal conviction for transporting a stolen motor vehicle in interstate commerce. He was found guilty and sentenced to life imprisonment. On appeal, the defendant contended that since Louisiana had not made transportation of a stolen motor vehicle in interstate commerce a crime, the federal conviction could not be used as a predicate under the Habitual Offender Law. In making its decision on that issue *329 the court stated that, “In State v. Brown, 185 La. 855, 171 So. 55 (La.1936), we interpreted ‘which if committed in this state would be a felony’ by looking at the penalty provision of the crime and not the crime itself.” That portion of Ralph, however, was overruled in the more recent case of State v. Berndt, 416 So.2d 56, 59 ft. nt. 4 (La.1982). Berndt also involved the Habitual Offender Law. The defendant in Berndt claimed that his previous conviction for possession of stolen mail (a welfare check in the amount of $17.00), which was classified as a felony under federal law, would have been classified as only a misdemeanor under Louisiana law and thus could not be used as a predicate conviction under the Habitual Offender Statute. In making the decision that the defendant was correct in this contention the Court analogized the federal conviction for possession of stolen mail to the State offense of possession of stolen goods, a violation of LSA-R.S. 14:69, which has elements most comparable to the federal offense used as the predicate conviction.
To determine whether Amos Brown’s prior federal conviction can be used as the predicate conviction under 14:95.1 we apply the analysis used in Berndt. It is clear to us that the Louisiana law most analogous to the law under which Brown was convicted in federal court is a portion of the Uniform Controlled Dangerous Substances Law, LSA-R.S. 40:961 et seq.,[3] which makes possession of heroin a felony since the crime of which Brown was convicted in federal court, if committed in this state, would have been one of the enumerated crimes under LSA-R.S. 14:95.-1, i.e. “any violation of the Uniform Controlled Dangerous Substances Law,” it may properly be used as the predicate conviction in this instance. The trial court was therefore correct in its determination that jury instruction No. two (B) was a misstatement of the law, because in order to have a conviction under 14:95.1 it is not necessary for the federal crime to have been a felony.
As for the defendant’s first assignment of error, all the jury was required to know was that the defendant had been convicted of a crime which would have been a felony under Louisiana law. That determination is a question of law, not fact, and thus was not required to be presented to the jury. La.Code Crim.Proc.Ann. art. 802(2) and comment (b) thereto. Consequently, Brown’s conviction cannot be overturned on the basis of his first assignment of error since the trial judge was under no obligation to show or explain to the jury the exact federal law under which he had been convicted previously.
For the foregoing reasons we hereby affirm the trial court.
AFFIRMED.

. 95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies. A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon, (emphasis added).

. 529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence.
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: ... (emphasis added).

. Specifically, LSA-R.S. 40:964 and 40:966.