PER CURIAM.
Herman Neil Young was charged by bill of information with carrying a concealed firearm on his person, in violation of La. R.S. 14:95. After a judge trial, he was found guilty and sentenced to six (6) months in the parish jail, with the jail term being suspended upon paying a fine of $200 and costs.
*298 This court issued a writ of review to determine whether sufficient evidence was presented to support a conviction.
In his writ application relator contends the trial court erred in convicting him while he was standing on a portion of his privately owned dwelling structure in violation of his constitutional rights as protected under U.S. Const, amend. II and IV and Art. I, §§ 5 and 11, La. Const.
FACTS
On April 13, 1984, Trooper Bruce Stans-bury of the Louisiana State Police obtained an arrest warrant for the arrest of the defendant for receiving stolen things in violation of La.R.S. 14:69. Stansbury then proceeded to place a surveillance on the Young residence and observed defendant and Cheryl Pizzalotto exit the Young home about mid afternoon.
As defendant walked to the vehicle, the trooper drove in front of defendant’s residence blocking the path of the vehicle in the driveway. Defendant walked out to the street and confronted the trooper as to the nature of his actions. The trooper exited his unit, identified himself as a state police officer and showed defendant the arrest warrant.
Defendant then asked the trooper if he (defendant) could remove some of his jewelry. The trooper replied: “no problem.” Defendant then walked to the passenger side of the vehicle and started removing some jewelry. Defendant then patted his pockets, reached in his front right pocket and removed a .22 caliber five shot revolver. The trooper grabbed the revolver and told defendant he was also being charged with carrying a concealed weapon.
Defendant’s version differs from that of the state trooper in that defendant contends the revolver was being carried in his hand and was always in view. In finding the defendant guilty, the trial judge said, “I choose to believe Mr. Stansbury. I choose to disbelieve Ms. Pizzalotto and Mr. Young.”
I
Defendant-relator contends that a broad application of La.R.S. 14:95 to convict defendant of carrying a concealed weapon in his own front yard renders the statute unconstitutional under U.S. Const, amend. II. This issue was not raised below. However, the unconstitutionality of a substantive statute has been held to be patent error. See State v. Williams, 322 So.2d 177 (La.1975). Be that as it may, U.S. Const, amend. II is not applicable to the states. State v. Amos, 343 So.2d 166 (La.1977).
II
Art. I, § 11, La. Const, provides that: The right of each citizen to keep an bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person.
La.R.S. 14:95 A(l) is in keeping with this constitutional provision when it provides:
A. Illegal carrying of weapon is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person;
[[Image here]]
The trial judge found that the defendant was carrying a concealed weapon, and apparently concluded that same was being carried when the defendant walked down his driveway to speak to the state trooper.
III
That portion of the assignment of error dealing with U.S. Const, amend. IV and Art. I, § 5, La. Const, were not briefed, and are therefore deemed abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.
Therefore, we conclude that the trial judge was correct and the writ of review is hereby recalled and the application is denied at relator’s costs.
WRIT RECALLED.