THIBODEAUX, Chief Judge,
dissenting in part.
|,I disagree with the majority that a double jeopardy violation occurred. I would affirm the conviction and sentence for attempted simple burglary as well as the manslaughter conviction.
In State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, the court explained that “the Double Jeopardy Clause, under both the additional fact and the same evidence tests, prevents an offender from being convicted of both a felony murder and the underlying felony. State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990).” Id. at 1329. See also, State ex rel. Nirtha v. State, 01-1011 (La.9/13/02), 824 So.2d 1179.
Mr. Pegues was charged with second degree murder, a violation of La.R.S. 14:30.1, which provides in pertinent part:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, assault by drive-by shooting, armed robbery, first degree | .¿robbery, second degree robbery, simple robbery, cruelty to juveniles, second degree cruelty to juveniles, or terrorism, even though he has no intent to kill or to inflict great bodily harm.
The jury convicted Mr. Pegues of manslaughter, a violation of La.R.S. 14:31, which provides in pertinent part:
A. Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person;
*1022 The elements of attempted simple burglary are “a person must have been shown to have the specific intent to enter a ‘structure ... with the intent to commit a felony or any theft therein.’ R.S. 14:27, R.S. 14:62.” State v. Walker, 328 So.2d 87, 88 (La.1976).
Clearly, as the majority observes, if the attempted simple burglary was the only basis for the manslaughter conviction, there would be a double jeopardy violation. However, the State presented sufficient evidence, in my view, to support the compromise verdict of manslaughter based on specific intent to kill.[1]
RThe investigation indicated Deputy In-zer was standing still while smoking a cigarette when he was first shot, and he was shot at least three more times, with two fatal wounds to the chest. The deputy’s gun, which was loaded, was found in its holster inside his left boot. Elmer Franklin testified that while he was running he heard a gunshot, he looked around, and saw Mr. Pegues “right there standing up and a man that fell, like, on the ground.”
Consequently, as the record supports sufficient evidence to base the manslaughter conviction on specific intent to kill, there was no double jeopardy violation.
The basis for the majority’s conclusion rests upon its improper consideration of the trial judge’s inappropriate comments after speaking with the jurors. The majority agrees that the trial judge substituted his personal judgment for that of the jury. It even recognizes that “[t]he trial court took the unusual step of actually questioning the jury after trial,” regarding their reasons for the verdict. (Emphasis supplied).
14 Ordinarily, a reviewing court does not scrutinize the thought processes employed by jurors in reaching a verdict. See State v. Marshall, 04-3139 (La.11/29/06), 943 So.2d 362, cert. denied, 552 U.S. 905, 128 S.Ct. 239, 169 L.Ed.2d 179 (2007). The mental processes of a juror are insusceptible of appropriate legal inquiry. La.Code Evid. art. 606(B). The trial judge’s observations, though well-intended, were an indirect breach of this evidentiary rule. Hence, any reference to these comments to vitiate an otherwise valid conviction was error.
For the foregoing reasons, I respectfully dissent in part.

. In State v. Carrier, 95-1003, p. 6 (La.App. 3 Cir. 3/6/96), 670 So.2d 794, 798, writ denied, 96-881 (La.9/20/96), 679 So.2d 431, this court explained, in pertinent part:
In State v. Prince, 520 So.2d 778 (La.App. 3 Cir.1987), writ denied, 522 So.2d 567 (La.1988), the defendant was charged with second degree murder and convicted of manslaughter although the evidence that he shot the inebriated victim in the back of the head was not sufficient evidence of any sudden passion, provocation or heat of blood. Upholding the conviction for manslaughter, this court stated:
The responsive verdict of manslaughter in this case operated as a compromise between guilty of second degree murder and not guilty. It was unanimously given. The jury may return any legislatively provided responsive verdict, as long as the evidence was sufficient to support a conviction of the charged offense. State ex rel., Elaire v. Blackburn, 424 So.2d 246, 249 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). The evidence produced in this case — one shotgun blast at close range to the back of the victim’s head — was sufficient to support a conviction of second degree murder. The verdict of manslaughter simply reflected the jury’s right to compromise between the verdicts of guilty of second degree murder and not guilty. The responsive verdict statute was designed to afford jurors this choice....